17517. The State, ex rel. Frank A. Mehling, v. Louis E. Hill et al. In Mandamus. Dismissed without prejudice on application of plaintiff.

17558. The Ohio Mining Company et al. v. The Public Utilities Commission of Ohio; error to the Public Utilities Commission. Order reversed. Hough, Wanamaker, Robinson, Jones, Matthias and Clark, JJ., concur.

17601. Thomas Cuthbertson v. The State of Ohio; error to the Court of Appeals of Jefferson county. Dismissed. No constitutional question involved. Hough, Robinson, Jones, Matthias· and Clark, JJ., concur.

17602. Thomas Cuthbertson· v. The City of Steubenville; error to the Court of Appeals of Jefferson county. Dismissed. No constitutional question involved. Hough, Robinson, Jones, Matthias and Clark, JJ., concur.

17603. Emery Dunkle v. The State of Ohio; error to the Court of Appeals of Jefferson county. Dismissed. No constitutional question involved. Hough, Robinson, Jones, Matthias and Clark, JJ., concur.

17604. Emery Dunkle v. The City of Steubenville; error to the Court of Appeals of Jefferson county. Dismissed. No constitutional question involved. Hough, Robinson, Jones, Matthias and Clark, JJ., concur.

17748. In the Matter of the Complaint of The Albright Coal Co. et al.; error to the Fuel Administration of Ohio. Dismissed on application of plaintiff without record and without prejudice.

## SYLLABI

No. 17417. State of Ohio v. Charles W. Habig. Error to the Court of Appeals of Cuyahoga county.

### MARSHALL, C. J.

1. Where several persons have jointly committed the crime of robbery of several victims and have taken from one or more of them property of value and are fleeing from the scene of the robbery and immediately thereafter one of the victims runs a short distance in the opposite direction and notifies policemen of the crime and the direction in which the robbers are fleeing and the policemen pursue the robbers and intercept them within a few minutes thereafter and when the robbers have proceeded in their flight a distance of not more than five city squares and while they are still in flight carrying the proceeds of the robbery which had not yet been divided among them and the robbers refuse to surrender and one of their number shoots a policeman and inflicts injuries resulting in his death, such homicide is committed in perpetrating a robbery. Conrad v. State, 75 Ohio St., 52, approved and followed.

2. Where a person is indicted for murder in the first degree and pleads guilty to such indictment and the court proceeds to take testimony to determine the degree of the crime and after hearing evidence determines the crime to be first degree murder and imposes the death sentence the accused has not been denied the constitutional right of trial by jury.

3. Section 13692, General Code, is not in conflict with Section 12400, General Code, and the legislative declaration of repeal of Section 6808 Revised Statutes, as it existed prior to the amendment thereof found in 93 O. L., 223, now 12400, General Code, whereby it repealed all other sections and parts of sections of the statutes of Ohio inconsistent therewith, did not operate as a repeal of any portion of Section 7316, Revised Statutes, now Section 13692, General Code.

4. By virtue of the provisions of Section 13692, General Code, the trial court in proceeding to take testimony to determine the degree of a crime has power and authority to extend mercy to a person found guilty of first degree murder.

5. The revision and consolidation act of 1910 whereby the General Code was enacted and all laws then on the statute books were repealed, was not new legislation and did not contain more than one subject, and the codification act was therefore not in conflict with Section 16, Article II, of the Ohio Constitution.

Judgment reversed.

Wanamaker, Robinson, Matthias and Clark, JJ., concur. Hough and Jones, JJ., concur in the judgment.

No. 17452. Frederick Huseman v. Henry Fingermeyer et al.

Error to the Court of Appeals of Cuyahoga county.

### JONES, J.

Five coparceners entered into an amicable partition of land descended from a common ancestor. The land was surveyed and divided into tracts of equal area, but of unequal value. By arrangement of the heirs, each of them could bid for a farmhouse or homestead located upon one of the tracts and the highest bidder was to have a quit claim deed therefor from the other heirs. It was not agreed by nor was it within the contemplation of the heirs that this building was to be removed. After competitive bidding, one coparcener, C. H., bid $2975.00 for the homestead, and received from the others a quit claim deed therefor. This sum was equally distributed among the several coparceners—mutual releases were executed for the other four tracts taken by the other heirs.

HELD: To the extent of one-fifth of said tract selected by her, C. H., took title by descent, which upon her dying intestate, passed under Section 8573, General Code. To the extent of the remaining title acquired by her under the amicable partition as aforesaid, she obtained the title thereto by purchase, which upon her intestacy, passed under the provisions of Section 8574, General Code.

Judgment modified.

Wanamaker, Robinson and Matthias, JJ., concur.

Marshall, C. J., Hough and Clark, JJ., dissent.

No. 17456. Katherine Heppel v. City of Columbus. Error to the Court of Appeals of Franklin county.

### MATTHIAS, J.

By virtue of authority conferred upon municipalities by Section 3, Article XVIII of the state constitution to adopt and enforce within their limits such local police regulations as are not in conflict with general laws, municipalities may enact and enforce ordinances, the provisions of which are not inconsistent with the general laws of the state, prohibiting the manufacture, possession or sale of intoxicating liquor for beverage purposes and the keeping of a place therein where intoxicating liquors are manufactured, sold, furnished, etc., for beverage purposes.

Judgment affirmed.

Marshall, C. J., Hough, Wanamaker, Jones and Clark, JJ., concur.

No. 17558. The Ohio Mining Company et al. v. The Public Utilities Commission of Ohio.

Error to the Public Utilities Commission of Ohio.