SHOPPING CENTERS ASSOCIATION OF NORTHERN OHIO ET AL., APPELLANTS, *v.* PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as Shopping Centers Assn. v. Pub. Util. Comm., 3 Ohio St. 2d 1.]

(No. 39037—Decided June 30, 1965.)

*Messrs. Metzenbaum, Gaines, Schwartz, Krupansky, Finley & Stern* and *Mr. Robert B. Krupansky*, for appellants.

*Mr. William B. Saxbe*, attorney general, and *Mr. Theodore K. High*, for appellee Public Utilities Commission.

*Mr. Lee C. Howley, Mr. Donald H. Hauser, Mr. Harry G. Fitzgerald, Jr., Messrs. Squire, Sanders & Dempsey, Mr. John P. Lansdale, Jr.* and *Mr. Alan P. Buchmann*, for appellee Cleveland Electric Illuminating Company.

ZIMMERMAN, J. Public utilities generally, empowered by law to exercise the right of eminent domain and not infrequently comprising monopolies which furnish services, products, or both, to the public, such products often consisting of electric energy, are subject to supervision, regulation and control by governmental agencies established for such purpose, which agencies function, *inter alia*, to protect those served by the utilities with respect to the fairness of rates charged and adequacy of service and against discriminatory practices.

The Cleveland Electric Illuminating Company is a public utility which, among other things, supplies its customers with

4

electric energy. Included among those institutions receiving electric energy are office buildings, apartment houses and shopping centers.

It would seem apparent that formerly under sanction of the Public Utilities Commission of Ohio the Company supplied various businesses and establishments with electric energy at a fixed point and for some time permitted these businesses and establishments to resell by submetering a part of such electric energy to lessees, tenants and to others with whom they had business relationships. There were advantages to the Company in so doing. It thereby escaped the expense of installing and maintaining equipment to extend its operations. These businesses and establishments used a part of the electric energy supplied by the Company in the conduct of their own activities.

Section 4905.03, Revised Code, is devoted to definitions of those organizations which constitute public utilities, and paragraph (A), subdivision (4) of that section includes, "An electric light company, when engaged in the business of supplying electricity for light, heat, or power purposes to consumers within this state * * *."

In the public interest it is desirable that the operations of an Ohio public utility come within the jurisdiction of the Public Utilities Commission of Ohio, and in line with such thesis we see no good reason why office buildings, apartment houses and shopping centers, which use electric energy in their own operations, cannot fairly be classed as "consumers" within paragraph (A), subdivision (4) of Section 4905.03, Revised Code, even though by submetering these institutions resell a part of such electric energy to others connected with them in a business way.

The Shopping Centers Association of Northern Ohio and its individual members, themselves consumers of electric energy furnished by the Cleveland Electric Illuminating Company, were affected and disturbed by the proposed new regulation referred to in the statement of facts, and they were permitted to intervene in the proceeding. They claim that, if the regulation is put into force, it will result in discrimination against them in favor of others in the same general class.

In similar situations it has been held that governmental agencies, such as the Public Utilities Commission of Ohio, do have jurisdiction and should assume and exercise such jurisdiction. 18 American Jurisprudence 424, Section 23; *North Carolina Public Service Co.* v. *Southern Power Co.*, 179 N. C. 18, 101 S. E. 593, 12 A. L. R. 304; *North Carolina Public Service Co.* v. *Southern Power Co.* (C. C. A. 4), 282 F. 837, 33 A. L. R. 626.

As we view the matter, the Public Utilities Commission of Ohio does have jurisdiction in this matter and should assume and exercise it in accordance with Section 4905.04 *et seq.*, Revised Code.

It seems to us that here an entirely different situation prevails than was present in the cases of *Ohio Mining Co.* v. *Public Utilities Commission*, 106 Ohio St. 138, 140 N. E. 143, and *Southern Ohio Power Co.* v. *Public Utilities Commission*, 110 Ohio St. 246, 143 N. E. 700, 34 A. L. R. 171.

In relation to the Shopping Centers Association and its individual members, the Cleveland Electric Illuminating Company remains a public utility subject to the supervision, regulation and control of the Commission.

The order of the Commission refusing jurisdiction is unreasonable and unlawful. It is reversed, and the proceeding is returned to the Commission for action in conformity with this opinion.

*Order reversed.*

TAFT, C. J., MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.